# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ELIZABETH A. EMOND,<br>    Appellant, | DOCKET NUMBER<br>DC-831M-12-0383-I-2 |
| v. | |
| OFFICE OF PERSONNEL<br>  MANAGEMENT,<br>    Agency, | DATE: June 25, 2015 |
| and, | |
| JANICE BURNS,<br>MARILYN EDINGTON<br>    Intervenors. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

John J. Rigby, Esquire, Arlington, Virginia, for the appellant.

Rebecca J. Wade, Esquire, Alexandria, Virginia, for the intervenors.

Cynthia Reinhold, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**REMAND ORDER**

¶1    The Office of Personnel Management (OPM) has filed a petition for review of the initial decision, which reversed OPM's reconsideration decision finding that the appellant received an overpayment of civil service annuity benefits and was not eligible for a waiver of the overpayment. For the reasons discussed below, we GRANT OPM's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Order.

**BACKGROUND**

¶2    The appellant and federal employee Bobby Burns divorced in 1989. When he died in 2008, while he was still employed by the Internal Revenue Service, the appellant filed an Application for Death Benefits as a former spouse. *Emond v. Office of Personnel Management*, MSPB Docket No. DC-831M-12-0383-I-1 (I-1), Initial Appeal File (IAF), Tab 4 at 96. With her application, she submitted a copy of a Final Decree of Divorce, entered on March 24, 1989, in the Commonwealth of Virginia, awarding her a former spouse retirement annuity. *Id.*, Tab 1 at 10-13. In an initial decision dated March 31, 2009, OPM notified her that it would honor the court order and grant her a former spouse survivor annuity under the Civil Service Retirement System (CSRS). *Id.*, Tab 4 at 92. On the same day, OPM issued another initial decision advising Mr. Burns' mother that she was not eligible for survivor benefits as a result of her son's death because the appellant, as a former spouse, was entitled to monthly annuity payments. *Id.* at 69. The executor of Mr. Burns' estate subsequently submitted a certified copy of a final decree of divorce between the appellant and Mr. Burns, also entered on March 24, 1989, which the executor stated she had "personally retrieved" from the court and which differed from the decree that the appellant had submitted in that it did not contain any language awarding the appellant a survivor annuity. *Id.* at 71-76. On that basis, Mr. Burns' mother requested reconsideration of OPM's initial decision

denying her benefits. *Id.* at 68. On May 26, 2010, OPM issued another initial decision advising the appellant that, based on the additional documentation it had received, she was not eligible for a former spouse survivor annuity. *Id.* at 54. She requested reconsideration of that decision. *Id.* at 15-20. In yet another initial decision, OPM notified the appellant that, in addition to being ineligible for benefits, based on its delay in terminating her annuity, she had been overpaid in the amount of $62,739.96, for the period from December 16, 2008, to February 28, 2010. *Id.*, Tab 1 at 65-66. In its reconsideration decision, OPM explained that it had received from the Circuit Court of Fairfax County, Virginia, a certified copy of the appellant's final divorce decree, which did not award her a survivor annuity, and that she therefore must return to the Retirement Fund all monies paid her. *Id.*, Tab 4 at 10. OPM stated that, unless the appellant could present indisputable evidence that the court order she provided was authentic, OPM could not honor it. *Id.* at 12. OPM further advised the appellant that she was not totally without fault in the matter[2] and that, therefore, she did not meet the eligibility requirements for waiver of the overpayment. *Id.*

¶3      On appeal, the appellant argued that the copy of the divorce decree she submitted was certified on August 6, 2002, and that there was no information to indicate that it was invalid in any way. *Id.*, Tab 1 at 17. She did not request a hearing before the Board. *Id.* at 4.

---

[2] In an earlier reconsideration decision, OPM found that the appellant was not at fault in causing or contributing to the overpayment. I-1, IAF, Tab 1 at 88. The parties agree that OPM rescinded that decision. *Id.* at 15; *Emond v. Office of Personnel Management*, MSPB Docket No. DC-831M-12-0383-I-2 (I-2), Petition for Review (PFR) File, Tab 9 at 7. The appellant's appeal from that rescinded reconsideration decision was dismissed for lack of jurisdiction. *Emond v. Office of Personnel Management*, MSPB Docket No. DC-831M-11-0232-I-1, Initial Decision at 1-2 (Jan. 20, 2011).

¶4        After considering the parties' written submissions, the administrative judge issued an initial decision reversing OPM's reconsideration decision.[3] *Emond v. Office of Personnel Management*, MSPB Docket No. DC-831M-12-0383-I-2 (I-2), IAF, Tab 4, Initial Decision (ID) at 1, 8.  He found that the appellant had submitted to OPM a copy of a "certified [court] order"/divorce decree which awarded her survivor benefits and otherwise complied with OPM's regulations.[4] I-2, ID at 4.  Notwithstanding the conflicting order that Mr. Burns' mother had submitted, the administrative judge found no evidence whatsoever that the appellant's certified copy was invalid or illegitimate in any way, that she was entitled to the former spouse survivor annuity, and that therefore no overpayment had occurred.[5]  I-2, ID at 5.

¶5        OPM filed a petition for review in which it argued that the administrative judge erred by not requiring the appellant to prove her entitlement to the benefit she seeks and in not examining or inquiring into the best evidence of the authenticity of the documents.  Petition for Review (PFR) File, Tab 1.  In response, the appellant argued in support of the administrative judge's findings in the initial decision.  *Id.*, Tab 8.  Determining that the record was not fully

---

[3] Pursuant to the appellant's request, the administrative judge dismissed her initial appeal without prejudice to her right to refile.  I-1, IAF, Tab 12; *Emond v. Office of Personnel Management*, MSPB Docket No. DC-831M-12-0383-I-1, Initial Decision at 1-2 (June 12, 2012).  The appellant timely refiled the appeal, I-2, IAF, Tab 1, and adjudication continued.

[4] The administrative judge repeatedly stated that the appellant provided this copy to OPM in 2002.  I-2, ID, at 4-6.  OPM disputes that date, arguing instead that the appellant submitted the copy along with her application for benefits in 2009.  PFR File, Tab 1 at 11.  Since Mr. Burns died in December 2008, it seems likely that the administrative judge erred in using the 2002 date.  Any such error, however, did not adversely affect the substantive rights of either party.  *Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981).

[5] The administrative judge found that, even if the appellant were overpaid annuity benefits, she had shown that she was entitled to waiver of the overpayment because she was without fault and because recovery would be against equity and good conscience based on financial hardship.  I-2, ID at 5-8.

developed on the issue of which copy of the court decree was invalid, the Board ordered OPM to obtain an order from the state court specifically declaring that either the copy of the decree submitted by the appellant or by her ex-husband's estate was invalid. *Id.*, Tab 11. OPM submitted a number of documents in the form of pleadings previously filed by the appellant and her ex-husband in the Virginia Court of Appeals and the Supreme Court of Virginia concerning their divorce, documents which OPM argued established that the appellant was not awarded a former spouse survivor annuity. *Id.*, Tab 14. OPM did not, however, submit a definitive order from the state court, as ordered by the Board.

¶6        The Board determined that the rights and interests of the estate of the appellant's ex-husband could be affected by the decision in this case and afforded the executor the right to participate in the appeal as an intervenor. *Id.*, Tab 16. The Board directed that, if the estate invoked its right to intervene, it then must file an order from the state court declaring that the copy of the divorce decree submitted by the appellant as the basis for her survivor annuity was invalid or setting it aside. *Id.*, Tab 17.

¶7        Subsequently, a daughter of Mr. Burns' mother filed a motion to intervene in the proceedings. *Id.*, Tab 18. She explained that her mother had since died, leaving her and her sister as heirs, that they had made a claim with OPM for Mr. Burns' retirement benefits in place of their late mother, that the estate of Mr. Burns was closed, that she was seeking to qualify as the executor of her late mother's estate, and that her interests would be directly affected by the outcome of these proceedings. She also explained that she had retained counsel to file an action in the Circuit Court of Fairfax County, Virginia, seeking an Order of Declaratory Judgment regarding the invalidity of the divorce decree submitted by the appellant. *Id.* The Board granted the request to intervene[6] and ordered her to

---

[6] The Board initially granted the daughter's request to intervene only in her individual capacity but afforded her an opportunity to file a supplemental pleading with evidence

file within 30 days an order from the state court declaring that the copy of the divorce decree submitted by the appellant as the basis for her survivor annuity was invalid or had been set aside. *Id.*, Tab 20. The intervenors sought an extension of time, documenting that their attorney had filed suit against the appellant for fraud and a declaratory judgment, *id.*, Tab 23 at 8-11, but explaining that, due to the rules and procedures of the state court, they did not expect to be able to obtain the state court order by the Board's deadline, *id.* at 4-5. The Board granted the extension. *Id.*, Tab 24. The intervenors subsequently submitted an Order signed by a judge of the Circuit Court of Fairfax County, Virginia, sustaining the appellant's claim that the fraud count was barred by the statute of limitations but allowing the claim for a declaratory judgment to proceed. *Id.*, Tab 25 at 47-48.

¶8    Following the Board's granting of another extension of time, *id.*, Tab 27, the intervenors submitted a true certified copy of an Order signed by a judge of the Circuit Court of Fairfax County, Virginia, after a hearing, finding that the "alleged Final Decree of Divorce" that was "allegedly certified" by the court on August 6, 2002 (the copy originally submitted to OPM by the appellant), "is not a true and accurate copy of this court's true Order," and that the Final Decree of Divorce (the copy originally submitted by the executor of Mr. Burns' estate, by OPM during these proceedings, and by the intervenors) "is a true and accurate copy of this Court's final order and should be given full faith and credit and enforced as an order of this Court." *Id.*, Tab 28 at 46-47, 58-61, 63-66. The appellant replied, albeit late, and claimed, among other things, that she is entitled to the annuity payment because the Circuit Court did not expressly find that her relied-upon divorce decree was "invalid" and "did not overtly set [her divorce decree] aside." *Id.*, Tab 29 at 3.

---

of her sister's consent to her representing both of their interests, PFR File, Tab 20 at 3 n*, and she submitted such a pleading, *id.*, Tab 22.

**ANALYSIS**

¶9        Part 838 of Title 5 of the Code of Federal Regulations addresses Court Orders Affecting Retirement Benefits, and Subpart G of Part 838 sets forth the procedures for processing court orders awarding former spouse survivor annuities.  The regulations specifically provide that an employee, retiree, or person adversely affected by a court order who alleges that a court order is invalid must prove the invalidity of the court order and may do so by submitting to OPM a court order that declares invalid the court order submitted by the former spouse.  5 C.F.R. § 838.724(a)(1).  It is well established that state courts are responsible for determining when court orders are invalid.  5 C.F.R. § 838.122(d); *see* 5 C.F.R. § 838.101(a)(2) (disagreement between the parties concerning the validity or the provisions of any court order must be resolved by the court).

¶10       In this case, the administrative judge found that the appellant was entitled to the former spouse survivor annuity initially awarded her by OPM based on the terms of a divorce decree, which dissolved her marriage to Mr. Burns, notwithstanding the competing decree submitted by Mr. Burns' mother, the same decree now relied upon by the intervenors.  In so doing, the administrative judge erred because he lacked the authority to determine which court order was valid. We acknowledge the lengthy litigation in which the parties have engaged since OPM filed its petition for review.  However, consistent with 5 C.F.R. § 838.724(a)(1), the intervenors now have submitted a court order that declares invalid the decree submitted by the appellant.  Contrary to the appellant's claim, the April 8, 2015 Circuit Court order explicitly states that her submitted decree "is not a true and accurate copy" of the court's divorce decree.  PFR File, Tab 28 at 9.  Moreover, the court order declares valid the competing decree, which favors the intervenors.  *Id.*.

¶11       Under these circumstances, because the administrative judge relied upon the divorce decree that the appellant submitted, now found to be invalid, in determining that there was no overpayment, we must vacate his finding and

affirm OPM's reconsideration decision finding that, because the appellant was not eligible for the former spouse survivor annuity she received, she was, in fact, overpaid. Nonetheless, OPM bears the burden of proving not only the existence, but also the amount, of an annuity overpayment by preponderant evidence. *Holbrook v. Office of Personnel Management*, 105 M.S.P.R. 520, ¶ 6 (2007); *see* 5 C.F.R. § 831.1407(a).

¶12        Recovery of an overpayment may be waived when the annuitant proves by substantial evidence that she is without fault and recovery would be against equity and good conscience. 5 U.S.C. § 8346(b); *Bacani v. Office of Personnel Management*, 64 M.S.P.R. 588, 594-95 (1994), *overruled on other grounds by Conner v. Office of Personnel Management*, 120 M.S.P.R. 670 (2014). A recipient of an overpayment is without fault if she performed no act of commission or omission that resulted in the overpayment. 5 C.F.R. § 831.1402. The pertinent considerations in finding fault are as follows: (1) whether payment resulted from the individual's incorrect, but not necessarily fraudulent statement, which she should have known to be incorrect; (2) whether payment resulted from the individual's failure to disclose material facts in her possession which she should have known to be material; or (3) whether she accepted a payment which she knew or should have known to be erroneous. 5 C.F.R. § 831.1402(a)(1)-(3). Certain factors may mitigate against finding fault. 5 C.F.R. § 831.1402(b).

¶13        Recovery is against equity and good conscience when it would cause financial hardship to the person from whom it is sought, the recipient of the overpayment can show, regardless of her financial circumstances, that, due to the notice that such payment would be made, or because of the incorrect payment, she either has relinquished a valuable right or changed positions for the worse, or recovery could be unconscionable under the circumstances. 5 C.F.R. § 831.1403. Financial hardship may be deemed to exist in, but not limited to, those situations where the annuitant from whom collection is sought needs substantially all of her current income and liquid assets to meet current ordinary and necessary living

expenses and liabilities. 5 C.F.R. § 831.1404. Similarly, inasmuch as the divorce decree that the appellant submitted and upon which the administrative judge relied has now been found to be invalid, we must vacate his alternative findings that, even if the appellant were overpaid annuity benefits, she showed that she was entitled to waiver of the overpayment because she was without fault and because recovery would be against good conscience based on financial hardship.

¶14    Because resolving these issues may require credibility determinations that are best first made by the administrative judge, we remand this appeal for further adjudication.  On remand, should he deem it necessary, the administrative judge also should afford the appellant the opportunity to submit an updated Financial Resources Questionnaire for consideration of her financial hardship claim.  *See Zucker v. Office of Personnel Management*, 114 M.S.P.R. 288, ¶ 9 (2010).

## ORDER

¶15    For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.[7]

FOR THE BOARD:            _____
                         William D. Spencer
                         Clerk of the Board

Washington, D.C.

---

[7] To the extent that the intervenors have requested that the Board award them a survivor annuity, there is nothing in the record indicating that OPM has issued or has refused to issue a final decision providing the Board with jurisdiction over this claim. *See Tatum v. Office of Personnel Management*, 82 M.S.P.R. 96, 99, ¶ 7 (1999) (the Board has jurisdiction to adjudicate an individual's rights and interests under CSRS only after OPM has rendered a final or reconsideration decision on the issue in question).  If, however, the intervenors receive a final OPM decision on this claim and they disagree with OPM's determination, they may then file a new Board appeal of that decision with the appropriate regional office.